Submitted on record and briefs November 30, reversed and remanded
December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JEROME JAMES SHOREY,
*Appellant.*

20-02-01536A; A119463

124 P3d 1290

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of delivery of a controlled substance, ORS 475.992; possession of a controlled substance, ORS 475.992; and endangering the welfare of a minor, ORS 163.575. On appeal, he advances two assignments of error. First, he contends that the trial court erred in denying his motion to suppress evidence that police officers discovered in his house while executing a search warrant, because the warrant was not supported by probable cause. Second, he advances an unpreserved contention that the admission of a laboratory report violated his Confrontation Clause rights as articulated in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), arguing that we should address the matter as plain error.

As to the first assignment, the state concedes that the decision of this court in *State v. Henderson*, 200 Or App 225, 113 P3d 944, *rev allowed*, 339 Or 544 (2005), is controlling. In that case, the defendant's codefendant asserted the same argument as to the same warrant, and we agreed that the warrant was not supported by probable cause. We accept the state's concession.

As to the second assignment, the state argues that, in *State v. Thackaberry*, 194 Or App 511, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005), we rejected the same unpreserved argument and that that case is controlling. The state is correct.

Reversed and remanded.